## ANDREW GIFFORD *versus* TIMOTHY G. COFFIN.

In an action against an attorney to recover money collected by him of the plaintiff's debtor, the debtor is a competent witness to prove that he paid the money to the attorney.

ASSUMPSIT against the defendant as the surviving partner of the firm of Nye & Coffin, for money collected by them as attorneys at law upon a promissory note in favor of the plaintiff against one Delano. The plaintiff, after producing evidence of the partnership, offered Delano as a witness, who testified that the note remained in Nye's hands uncancelled, until about the time of the commencement of this action, when he returned it to the plaintiff ; that at that time the plaintiff, making a computation of the interest on the note and allowing the sums paid to Nye, of which only a part was indorsed, found the note to be wholly paid and delivered it to the witness, who erased his name. The defendant objected

to the admission of this witness on account ol his interest in the event of the suit, but *Morton* J. overruled the objection, and the witness then testified, that in July 1820 and previously he paid to Nye the amount due upon the note. A verdict was found for the plaintiff; but if Delano was improperly admitted as a witness a new trial was to be granted.

*Gifford*
*v.*
*Coffin.*

*Coffin*, pro se, urged that if Delano had not paid to Nye the sum due on the note, he was still liable to the plaintiff, so tnat he was interested to charge the defendant.

*Oct.* 23*d*

*Williams* and *Warren*, contrà, cited *Brown* v. *Babcock*, 3 Mass. R. 29 ; *Ludlow* v. *Union Ins. Co.* 2 Serg. & Râwle, 119.

*Per Curiam.* The witness states that he paid the note and that it was given up to him. This discharges his interest in the suit, as this verdict cannot be used in his favor should an action be brought against him upon the note.

**448**

*Judgment according to verdict.*